""ho-weee, J.
Plaintiff claims of defendants one-half of the value of a partition wall, with interest from the day when, as alleged, it was made a wall in common. The defendants deny any liability, because the building, alleged to rest on the partition wail, was erected by their lessees, to whom they had leased their property, for a term of years, with the privilege of erecting improvements thereon at their own expense, and under the obligation to warrant the lessors against any cost thereof. They further aver that the wall in question was built several years before,' and at a cost infinitely less than the amount claimed, and they call their lessees in warranty, who allege that the party wall, being in existence at the date of the lease, was a part of the premises leased by them, to the use of which they are entitled by the contract of lease.
Judgment was rendered in favor of plaintiff for half of the cost of the wall, and dismissing the call in warranty, from which plaintiff and defendants have both appealed.
Although the wall was intentionally not used as usual in the erection of contiguous buildings, yet the evidence shows that the new building rests upon, and is attached to the wall built by plaintiff, and the defendants, as owners of the adjoining lot, are liable.
The cases of Hoffman v. Laurans, 18 L. 70, and Sewell v. Duplessis, 2 R. 6G, relied on by the defendants, are not in point, as in them the undertakers or builders were seeking to enforce, against the owners of the soil, the rights specially existing in their favor against the lessors, who had contracted with or employed them. In this case the liability rests upon a different provision of law. The owner of a partition wall is authorized, by the terms and spirit of the law, to look only to the adjacent owner of the soil, and not to those who hold under him. 0, 0, 671, 672.
The main question, as between plaintiff and defendants, is, whether the article 672 or 680 of the Oivil Code shall be .applied to this case, We are of opinion that the former must apply.
It provides that, “if the neighbor be willing to contribute for his half to the building of the wall thus raised, then this wall is a wall in common between the proprietors. The neighbor who has even refused to contribute to the raising of this wall, preserves still a right of making it a wall in common by paying to the person who has made the advanoe, the half of what he has laid out, for its construction, according to the rules hereafter established.”
This article," we think, contemplates reimbursement to the party who erects the wall and nothing more. It says, “by paying to the person who has made the advance, the half of what Tie has laid out for Us construction.” He has the advantage of using the soil of his neighbor for the support of half of the wall, which half may become the property of such neighbor upon his reimbursing what the half cost.
In the case of Graihle v. Howe, 1 A. 140, relied on by plaintiff, it was held that this article did not' apply, because the defendant became the owner of his lot after the wall was built, and could not therefore have been called on, and have refused to contribute to the construction, and should consequently not be made to pay more than the wall was worth when used by him.
*555 We have no occasion to deny the correctness of this doctrine, but we do not think it can be invoked to put the defendant in a worse position than he would be, if shown to have refused, when called on to contribute. The article says, if he refuses, he may still become part owner of, and use the wall upon paying the half of its cosí. If he should not or could not refuse, he certaiuly should not be made to pay any more.
In the case of Murrell v. Fowler, 3 A. 165, the wall was wholly on the land of the plaintiff, and came clearly within the 680th article.
In the case of Davis v. Graihle, 14 A. 338, the defendant was made, by the District Court, to pay the cost of half of the wall, and the judgment was affirmed, sustaining the view we take.
We conclude that defendants are liable for only half of the price advanced by the plaintiff in this instance. But the judge a quo has made an error as to this cost, to the prejudice of plaintiff. The evidence shows that there are 44,876 bricks in the wall, instead of 38,754, half of which at $17 00 per thousand, for the price and laying, amounts to $3S1 45, for which plaintiff should have judgment against defendants. He was also improperly condemned, jointly with the defendants, to pay costs.
We do not see any error in dismissing the call in warranty. There is nothing in the contract of lease which makes the lessees responsible for this wall. It was standing when they leased the premises, and whether used by the express authority of the defendants or not, the latter knew that it was used, as shown, and did not object. By the contract of lease all the improvements made by the lessors are to belong, without compensation, to the lessors, at its termination. We think the right to the use of the wall passed with the property, as it was not excluded by the contract, and that the objections to the testimony in regard to defendants’ conversations with the lessees, as to the use thereof, were properly overruled.
It is therefore ordered, that the judgment appealed from, be amended by increasing the amount thereof, from $329 40 to $381 45, and by condemning the defendants to pay all the costs of the main action in the lower court; and that as thus amended, it be affirmed. Costs of appeal to be paid by defendants.